IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL T. JONES, TDCJ #419729, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-15-2457 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Michael T. Jones, is a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). He seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge an adverse decision by the Texas Board of Pardons and Paroles. The respondent now moves for summary judgment, arguing that the petition must be dismissed as untimely and, alternatively, for lack of merit [Doc. # 12]. Jones has filed a response [Doc. # 15] and a motion for discovery [Doc. # 16]. After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this action for reasons set forth below.

I.  **BACKGROUND**

Jones is currently incarcerated as the result of a 1986 conviction for aggravated assault with a deadly weapon in Travis County cause number 80,946.[1] A jury in the 331st District Court of Travis County found Jones guilty in that case and sentenced him to thirty years' imprisonment.[2] Jones does not challenge his underlying conviction here.

On December 8, 2011, Jones was released on the form of parole known as mandatory supervision.[3] On January 3, 2014, Jones's parole was revoked and he returned to TDCJ after he was convicted of a new felony offense (burglary of a building) from Travis County.[4]

On February 25, 2014, Jones was interviewed by a parole officer regarding his eligibility for parole.[5] Sometime thereafter, Jones returned to Travis County on a detainer to face additional charges.[6] On April 9, 2014, Jones pled guilty to possession

---

[1] Judgment on the Jury Verdict of Guilty [Doc. # 13-1], at 26.

[2] *Id.*; Verdict of the Jury [Doc. # 13-1], at 25.

[3] Certificate of Mandatory Supervision [Doc. # 14-21], at 36.

[4] State of Texas, Board of Pardons and Paroles, Hearing/Waiver Results [Doc. # 14-23], at 21.

[5] Parole Interview Acknowledgment [Doc. # 14-23], at 15.

[6] Letters (referencing detainer) [Doc. # 14-23], at 16, 20.

of marijuana and indecent exposure, which was reduced to a charge of offensive gesture or display.[7] On April 24, 2014, the Texas Board of Pardons and Paroles voted to deny Jones release on parole, citing the nature of his underlying offense, adjustment during periods of supervision, and his new conviction.[8] Jones returned to TDCJ from Travis County on May 1, 2014.[9]

On May 20, 2015, Jones executed a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure, alleging that he was wrongfully returned to TDCJ on May 1, 2014, without due process.[10] On July 29, 2015, the Texas Court of Criminal Appeals denied that application without a written order.[11]

---

[7] Judgment of Conviction by Court - Waiver of Jury Trial [Doc. # 14-23], at 17-18; Reduction of Charges Agreement [Doc. # 14-23], at 19.

[8] TDCJ Minutes Detail [Doc. # 1-1], at 7.

[9] Petitioner's Memorandum [Doc. # 2], at 2.

[10] Application [Doc. # 14-23], at 5-14.  State habeas applications "are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of court." *Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013).  For purposes of this case, Jones's state habeas application is deemed filed on the date he signed it.

[11] Action Taken on Writ No. 16,561-19 [Doc. # 14-22], at 1.

On August 19, 2015, Jones executed the pending federal habeas corpus petition under 28 U.S.C. § 2254.[12] As in state court, Jones contends that he was wrongfully returned to TDCJ custody on May 1, 2014, without due process.[13] Jones also claims, for the first time on federal review, that he was wrongfully denied parole.[14] The respondent moves for summary judgment, arguing that the petition is barred by the governing one-year statute of limitations on federal habeas corpus review.[15] Alternatively, the respondent argues that the petition is without merit.

## II.  DISCUSSION

### A.  The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). In this instance, the statute of limitations on federal habeas

---

[12]   Petition [Doc. # 1], at 10.

[13]   *Id.* at 6-7; Petitioner's Memorandum [Doc. # 2], at 2.

[14]   Petition [Doc. # 1[, at 6.

[15]   The respondent argues further that the pending petition is barred by 28 U.S.C. § 2244(b) as a successive application because Jones previously sought federal habeas relief from the calculation of his sentence following the revocation of his parole and could have raised his claims in that proceeding. *See Jones v. Stephens*, Civil No. A-14-CA-802-SS (W.D. Tex.). The respondent's argument is well taken. Because the petition is plainly time-barred and without merit, the Court does not reach the argument regarding successiveness.

corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(D) when the factual predicate for the petitioner's claims "could have been discovered through the exercise of due diligence."

Jones knew or should have been aware of the factual predicate for his claim when he returned to TDCJ custody on May 1, 2014. That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on May 1, 2015. Jones's pending federal habeas corpus petition, filed on August 19, 2015, is well outside the limitations period. Jones's state habeas corpus application, which was filed on May 20, 2015, and dismissed on July 29, 2015, has no tolling effect because it was filed after the statute of limitations had expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Because Jones does not establish that any other statutory or equitable exception applies, the Court concludes that his federal petition is barred by the one-year statute of limitations.

### B. Alternatively, the Petition is Without Merit

To the extent that Jones's claims were adjudicated on the merits on state habeas review, his petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2254(d). Under the AEDPA standard, a federal habeas corpus court may not grant relief unless the state court's adjudication

"resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.] 28 U.S.C. § 2254(d)(1). "A state court's decision is deemed contrary to clearly established federal law if it reaches a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (citations omitted); *see also Williams v. Taylor*, 529 U.S. 362, 404-08 (2000). To constitute an "unreasonable application of" clearly established federal law, a state court's holding "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, — U.S. —, 134 S. Ct. 1697, 1702 (2014)). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Jones does not attempt to meet the AEDPA standard, nor can he. Jones does not take issue with the parole board's decision to revoke his parole on January 3, 2014, following his conviction for burglary of a building. Instead, Jones primarily contends

that he was denied due process when he was returned to TDCJ without a parole revocation hearing on May 1, 2014, after he had been sent to Travis County on a detainer. Jones reasons that once he was released to Travis County to face additional charges he was effectively "under parole custody" and could not be returned to TDCJ without a hearing.[16] This claim is without merit because, as the respondent correctly notes, release pursuant to a bench warrant or detainer is not the same as release on parole.

Jones alleges further for the first time in his federal petition that he was wrongfully denied release on parole or that he was not properly notified of the reasons that he was denied parole.[17] The respondent contends correctly that this claim must be dismissed because it was not raised or exhausted in state court as required by 28 U.S.C. § 2254(b)(1). Alternatively, to the extent that Jones contends that he was wrongfully denied release on parole without due process, this claim is also without merit. There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). In this context, prison inmates typically are entitled to protection under the Due Process Clause only

---

[16] Petition [Doc. # 1], at 7; Application [Doc. # 14-23], at 10-12.

[17] Petition [Doc. # 1], at 6.

when an official action infringes upon a constitutionally protected liberty interest created by state law. *See, e.g., Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (citing *Board of Pardons v. Allen*, 482 U.S. 369, 107 S. Ct. 2415 (1987)).

The Fifth Circuit has recognized repeatedly that the Texas parole statutes create no constitutional right to release on parole because they encourage no expectancy of early release. *See Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) (Texas parole statute does not create a protectable expectancy of release, as recognized in *Greenholtz*, but rather creates nothing more than a hope of parole); *see also Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995); *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *Gilbertson v. Texas Board of Pardons and Paroles*, 993 F.2d 74, 75 (5th Cir. 1993); *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991). Thus, it is settled that Texas inmates "have no protected liberty interest in parole." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

Jones does not demonstrate he was denied a revocation hearing or that he was wrongfully denied release on parole in violation of a constitutionally protected liberty interest. More importantly, Jones does not establish that the state court's decision to deny relief was incorrect or unreasonable. Accordingly, Jones is not entitled to habeas corpus relief and his petition must be dismissed.

### C. Jones's Motion for Discovery

Jones has filed a one-page motion for discovery of information that pertains to a prior writ application and the date that the Texas Board of Pardons and Paroles denied him release on parole [Doc. # 16]. Jones does not show that discovery is permitted under the governing legal standard that applies on federal habeas review.

"Rule 6 of the Rules Governing § 2254 cases permits discovery only if and only to the extent that the district court finds good cause." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000); *see also Hill v. Johnson*, 210 F.3d 481, 487 (5th Cir. 2000). "Good cause" may be found when a petition for a writ of habeas corpus "establishes a *prima facie* claim for relief." *Murphy*, 205 F.3d at 814. Before authorizing discovery, the Court must first conclude that the specific allegations in the petition "show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Id.* In that regard, petitioner's factual allegations "must be specific, as opposed to merely speculative or conclusory, to justify discovery." *Id.*

Jones does not show how any of the requested discovery is relevant to a potentially meritorious claim. His conclusory request falls far short of the showing of good cause necessary to permit discovery under Rule 6. He does not otherwise show that a continuance is required for the purposes of conducting discovery pursuant to

Rule 56(d) of the Federal Rules of Civil Procedure. Accordingly, the motion for discovery will be denied.

### III. CERTIFICATE OF APPEALABILITY

The habeas corpus petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certificate of appealability to issue before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)). Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that

reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment [Doc. # 12] is **GRANTED**.

2. The habeas corpus petition filed by Michael T. Jones [Doc. # 1] is **DISMISSED** with prejudice.

3. The petitioner's motion for discovery [Doc. # 16] is **DENIED**.

4. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on this **13th** day of **April, 2016.**

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE